1  Jill F. Kopeikin (State Bar No. 160792)
2  Valerie M. Wagner (State Bar No. 173146)
   GCA LAW PARTNERS LLP
3  2570 W. El Camino Real, Suite 510
   Mountain View, CA 94040
4  Tel: (650) 428-3900
5  Fax: (650) 428-3901
   jkopeikin@gcalaw.com
6  vwagner@gcalaw.com
7

8
   Attorneys for Plaintiff
9  ROTHSCHILD STORAGE RETRIEVAL INNOVATIONS, LLC

10

11

12          IN THE UNITED STATES DISTRICT COURT
13       FOR THE NORTHERN DISTRICT OF CALIFORNIA

14  ROTHSCHILD STORAGE                    Case No. 3:15-cv-00541 – EDL
15  RETRIEVAL INNOVATIONS, LLC,

16                    *Plaintiff,*         **PLAINTIFF'S RESPONSE IN
17                                         OPPOSITION TO DEFENDANT
    APPLE INC.,                           APPLE INC.'S MOTION TO STAY
18                                         PENDING *INTER PARTES* REVIEW**
19                    *Defendant.*
20

21                                         Date:  April 28, 2015
22                                         Time:  2:00 p.m.
                                           Courtroom:  E, 15th Floor
23                                         Judge:  Hon. Elizabeth D. Laporte
24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

I.     FACTUAL BACKGROUND..................................................................... 2

II.    IPR STATISTICS ................................................................................ 3

III.   ARGUMENTS AND AUTHORITY ............................................................ 4

      A.   It is pure speculation whether the IPR petition will be granted, whether an IPR of all claims will be instituted, or whether an IPR will simplify the case. ................................................................. 5

           1.   Apple's motion to stay is not ripe. ............................................ 5

           2.   Whether the IPR will simplify any issues is pure speculation .. 7

      B.   A stay would prejudice RSRI........................................................... 9

      C.   The case should not be stayed at this juncture. .................................. 11

IV.    CONCLUSION.............................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Asylus Networks, Inc. v. Apple, Inc.*,
   2014 WL 5809053 (N.D. Cal. Nov. 6, 2014) .......................................................4

*Automatic Mfg. Sys., Inc. v. Primera Tech, Inc.*,
   2013 WL 1969247 (M.D. Fla. May 13, 2013)............................................ *passim*

*Benefit Funding Sys. LLC v. Advance Am., Cash Advance Ctrs., Inc.*,
   2013 WL 3296230 (D. Del. June 28, 2013)........................................................6

*CANVS Corp. v. United States*,
   118 Fed. Cl. 587 (Ct. Fed. Cl. 2014) ...............................................................9

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*,
   2007 WL 1052883 (N.D. Cal. Apr. 5, 2007)....................................................4, 7

*Dane Tech., Inc. v. Gatekeeper Sys., Inc.*,
   2013 WL 4483355 (D. Minn. Aug. 20, 2013) .....................................................6

*DTP Innovations, LLC v. V.G. Reed & Sons, Inc.*,
   2014 U.S. Dist. LEXIS 167713 (W.D. Ky. July 17, 2014) ...……………….....6

*Esco Corp. v. Berkeley Forge & Tool, Inc.*,
   2009 WL 3078463 (N.D. Cal. Sept. 28, 2009) ....................................................7

*Freeny v. Apple Inc.*,
   2014 WL 3611948 (E.D. Tex. July 22, 2014) ..................................................5, 6

*Fujitsu Ltd. v. Nanya Tech. Corp.*,
   2007 WL 3314623 (N.D. Cal. Nov. 6, 2007) ....................................................10

*Horton, Inc. v. Kit Masters, Inc.*,
   2009 WL 1606472 (D. Minn. June 5, 2009).......................................................6

*Interwoven, Inc. v. Vertical Computer Sys., Inc.*,
   2012 WL 761692 (N.D. Cal. Mar. 8, 2012) .......................................................9

*McRo, Inc. v. Bethesda Softworks LLC*,
  2014 WL 1711028 (D. Del. May 1, 2014)......................................................12
*Nken v. Holder*,
  556 U.S. 418 (2009)...........................................................................4
*Personal Web Tech., LLC v. Google, Inc.*,
  2014 WL 4100743 (N.D. Cal. Aug. 20, 2014) .......................................9
*Pi-Net Int'l, Inc. v. Focus Business Bank*,
  2013 WL 4475940 (N.D. Cal. Aug. 16, 2013) ...............................9, 10
*Rensselaer Polytechnic v. Apple Inc.*,
  2014 WL 201965 (N.D.N.Y. Jan. 15, 2014).........................................6
*Return Mail, Inc. v. United States*,
  2014 WL 3563297(Fed. Cl. July 18, 2014) ..........................................6
*Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*,
  2014 WL 3107447 (N.D. Cal. July 3, 2014)..........................................9
*SAGE Electrochromics, Inc. v. View, Inc.*,
  2015 WL 66415 (N.D. Cal. Jan. 5, 2015) ..............................................7
*Segin Sys., Inc. v. Stewart Title Guar. Co.*,
  2014 WL 1315968 (E.D. Va. Mar. 31, 2014).........................................6
*Smartflash LLC v. Apple*,
  2014 WL 3366661 (E.D. Tex. Jul. 8, 2014) ......................................5, 6
*Soverain Software LLC v. Amazon.com, Inc.*,
  356 F. Supp. 2d 660\ (E.D. Tex. 2005).................................................4
*Straight Path IP Group, Inc. v. Vonage Holdings Corp.*,
  2014 WL 4271633 (D.N.J. Aug. 28, 2014) ...........................................12
*Tokuyama Corp. v. Vision Dynamics, LLC*,
  2008 WL 4452118 (N.D. Cal. Oct. 3, 2008) ..........................................4
*TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*,
  2013 WL 6021324 (N.D. Cal. Nov. 13, 2013) ...................................7, 9

*Tric Tools, Inc. v. TT Techs., Inc.*,

    2012 WL 5289409 (N.D. Cal. Oct. 15, 2012) ....................................................5, 6

*Ultratec, Inc. v. Sorenson Commc'ns, Inc.*,

    2013 WL 6044407 (W.D. Wisc. Nov. 14, 2013)......................................... *passim*

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,

    943 F. Supp. 2d 1028 (C.D. Cal. 2013) ......................................... 4, 7, 8

*Yodlee, Inc. v. Ablaise Ltd.*,

    2009 WL 112857 (N.D. Cal. Jan. 16, 2009)..........................................7

**Statutes**

35 U.S.C. § 141(c) .......................................................................................10

35 U.S.C. § 314(b) ......................................................................................3, 10

35 U.S.C. § 315 ............................................................................................8

35 U.S.C. § 316(a)(11) ................................................................................10

35 U.S.C. § 319 ..........................................................................................10

37 C.F.R. § 42.108(a) ....................................................................................8

**Rules**

FED.R.CIV.P. 1 ................................................................................ 7, 12, 13

Apple[1] has not met its burden to stay this case, based upon an *inter partes* review ("IPR") that has not been granted and was filed by a non-party to the case, should be denied because it is speculative, guarantees no simplification of issues, and could prejudice RSRI by preventing it from prosecuting its claims until this case is over two-and-a-half years old.

First, the '797 patent[2] is not subject to any IPR. The United States Patent and Trademark Office ("USPTO") will not decide Google Inc.'s ("Google") petition for IPR (IPR2015-00474) (the "Google IPR petition") (D.I. 65-2) until at least July 2015. Apple has failed to demonstrate a pressing need to halt district court proceedings and speculatively wait for a USPTO decision. Only after and ***if*** the USPTO decides to review the '797 patent should the Court consider whether a stay would result in any efficiencies or simplification of matters. Staying district court proceedings based on what the USPTO ***might*** do is speculative and will only delay and harm RSRI's patent rights. The Court should keep this case moving and adjust only if necessary after the USPTO issues its decision.

Second, Apple asks the Court to delay all proceedings based on pure speculation that the issues would be simplified. Why stop this lawsuit in its tracks if, three months from now, the USPTO decides to deny the IPR petition or accept IPR for only a few of the sixteen claims at issue? Even if the IPR is instituted, the parties cannot know now whether the claims subject to IPR will be the same claims that RSRI asserts here. And there is no estoppel provision preventing Apple from re-asserting the same arguments denied by the USPTO in any granted IPR given that it is not a party to that IPR.

---

[1] "Apple" hereinafter refers to Defendant Apple Inc.
[2] The "'797 patent" hereinafter refers to the patent-in-suit, U.S. Patent No. 8,437,797.

Third, despite Apple's knowledge of the '797 patent since the beginning of this suit in July 2014, Apple chose not to file its own IPR petition and then waited three more months to file its motion to stay after Google's IPR petition. Apple has already refused to participate in discovery when the issue of transfer was still in dispute. Now that the case has been transferred, Apple continues to refuse to participate in discovery by filing this Motion to Stay. Apple should not be allowed to hinder the Court's obligation to ensure that this case is just, speedy, and inexpensive. At a minimum, the Court should defer a decision on the stay until after the USPTO determines, in July 2015, whether it will initiate the requested IPR petition and which claims in the '797 patent, if any, the proceeding will address. The Court and parties will then be able to meaningfully determine whether some form of stay, in whole or in part, might be appropriate.

## I.    FACTUAL BACKGROUND

RSRI filed its original complaint on July 16, 2014 in the Southern District of Florida, alleging Apple infringed the '797 Patent. (D.I. 1).  RSRI also filed six other complaints against six other defendants—Sony Mobile, HTC, Samsung, LG, Nokia, and Motorola—alleging infringement of the '797 Patent. On September 12, 2014, Apple filed a partial motion to dismiss and declined to answer. (D.I. 12). In response, RSRI filed its First Amended Complaint two weeks later. (D.I. 14, 15). On September 29, Apple filed a motion to transfer to the Northern District of California. (D.I. 16). Apple then answered RSRI's First Amended Complaint on October 14, 2014. (D.I. 18).

On December 8, 2014, RSRI served Apple its First set of Interrogatories and First Set of Requests for Production. (Lo Decl. Ex. A, B). Apple served its objections on January 7, 2014, and refused to provide any answers or production until after the Motion to Transfer was resolved. (Lo Decl. Ex. C, D).

This case was transferred to this Court on January 30, 2015. (D.I. 51). The Initial Case Management Conference is currently set for May 5, 2015. (D.I. 64).

On December 19, 2014, Google filed an IPR petition with the PTAB, challenging the validity of claims 1-16 of the '797 Patent, and identified the real-parties-in-interest ("RPI") in that IPR as Google Inc. and Motorola Mobility LLC. (D.I. 65-2). Apple Inc. was not identified as an RPI in the Google IPR. RSRI may choose to file its initial response by April 20, 2015. 37 C.F.R. § 42.107(a)-(b). If RSRI files its initial response, the PTAB's decision whether to institute the IPR petition will be as late as July 20, 2015. 35 U.S.C. § 314(b).

## II.   IPR STATISTICS

As of March 5, 2015, the percentage of petitions for IPR being instituted has steadily decreased from 87% to 74%. (Lo Decl. Ex. E). That statistic will likely continue to decrease, as the Chief Administrative Judge of the USPTO has stated that "too many petitioners are winning [and] patent owners are having claims declared unpatentable too often." (Lo Decl. Ex. F).  Q. Todd Dickinson, the former undersecretary of commerce for intellectual property and director of the USPTO, stated he is "growing increasingly concerned over the number of cases the office has handled and how few times it has allowed amendments to claims during proceedings – less than half a dozen." *Id.* There are "strong concerns about the rules that have been adopted and the way those rules have been interpreted by the board." *Id.*

As of January 15, 2015, 9,048 claims were challenged in 617 IPR petitions. (Lo Decl. Ex. G). Of all the claims challenged, 2,934 claims were ***not*** instituted (32.43%). *Id.* Of the 6,114 claims for which an IPR was instituted, 2,176 claims were found unpatentable. *Id.* This is 24.05% of all claims originally

challenged in the IPR petitions. On the other hand, 3,045 claims that were initially challenged were found patentable and remained patentable (33.65%). *Id.*

## III.   ARGUMENTS AND AUTHORITY

In evaluating motions to stay pending IPR, courts generally consider the following non-exclusive factors: "(1) whether discovery is complete and a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case, (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Asylus Networks, Inc. v. Apple, Inc.*, 2014 WL 5809053, at *1 (N.D. Cal. Nov. 6, 2014 (internal citation omitted)). Ultimately, the inquiry turns upon the totality of the circumstances. *Universal Elecs., Inc. v. Universal Remote Control, Inc.,* 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013). Nevertheless, "[t]here is no per se rule that patent cases should be stayed pending reexaminations, because such a rule 'would invite parties to unilaterally derail' litigation." *Tokuyama Corp. v. Vision Dynamics, LLC*, 2008 WL 4452118, at *2 (N.D. Cal. Oct. 3, 2008) (quoting *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)). *See also Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007) ("If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner.").

Apple has the burden to show that a stay is appropriate. *Nken v. Holder,* 556 U.S. 418, 433-34 (2009) ("The party requesting a stay bears the burden of showing that the circumstances justify the exercise of that discretion."). Thus, Apple must show that the stay will simplify issues for trial, that the stage of the litigation is appropriate for a stay, ***and*** that the stay will not unduly prejudice or

present a clear tactical disadvantage to RSRI. *See Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, 2013 WL 6044407, at *4 (W.D. Wisc. Nov. 14, 2013) (Denying stay where "defendants have not shown that the stay will *not* prejudice plaintiffs and will *not* give defendants a tacit advantage.")). Apple did not. As shown below, the Court should deny the motion to stay.

### A.   It is pure speculation whether the IPR petition will be granted, whether an IPR of all claims will be instituted, or whether an IPR will simplify the case.

#### 1.   *Apple's motion to stay is not ripe.*

A stay is not warranted simply because a petition for review was filed with the Patent and Trademark Office. *Smartflash LLC v. Apple*, 447, 2014 WL 3366661, at *3 (E.D. Tex. Jul. 8, 2014). "The most important—indeed, the dispositive—factor bearing on the Court's exercise of its discretion in this case is that the PTAB has not yet acted on [the petitioner's] petition for *inter partes* review." *Freeny v. Apple Inc.*, 2014 WL 3611948, at *1 (E.D. Tex. July 22, 2014).

That is all that Google has done to date—filed a petition for review. There is no IPR for the '797 patent. Google has only filed a ***request*** for *inter partes* review. Because the USPTO has taken no action regarding Google's IPR petition, the motion to stay proceedings is not ripe and should be denied.

Apple's request for a stay while Google's petition for IPR is pending is, "at best, premature." *Tric Tools, Inc. v. TT Techs., Inc*., 2012 WL 5289409, at *3 (N.D. Cal. Oct. 25, 2012) (denying stay based upon only request for *inter partes* review), adhered to on reconsideration after *inter partes* review initiated by USPTO, 2012 WL 6087483, at *1 (N.D. Cal. Dec. 6, 2012). Apple argues that the likelihood that the PTAB will institute the IPR is high based on statistics as of March 2015. (D.I. 65 at 14). But "it would be speculative to extrapolate from

those initial numbers, expecting that the percentage of granted petitions would remain the same in the future." *Freeny*, 2014 WL 3611948, at *1. In fact, as of March 5, 2015, the percentage of petitions for IPR being instituted has steadily decreased from 87% to 74%. (Lo Decl. Ex. E). In the past, even if the IPR is instituted, not all claims challenged were found unpatentable. *See supra* Section II. Apple wants to put these proceedings in "a kind of limbo" pending likely denial of at least part of Google's request. That should not occur.

"Although, as the Federal Circuit noted, some district courts have granted stays even before the PTAB has granted the petition for review, the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review." *Freeny*, 2014 WL 3611948, at *1; *see, e.g.*, *Smartflash*, 2014 WL 3366661, at *3; *Ultratec*, 2013 WL 6044407, at *3; *Automatic Mfg. Sys., Inc. v. Primera Tech, Inc.*, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013); *Tric Tools*, 2012 WL 5289409, at *3; *DTP Innovations, LLC v. V.G. Reed & Sons, Inc.*, No. 3:14–cv–364, 2014 U.S. Dist. LEXIS 167713 (W.D. Ky. July 17, 2014); *Segin Sys., Inc. v. Stewart Title Guar. Co.*, 2014 WL 1315968, at *3–4 (E.D. Va. Mar. 31, 2014); *Rensselaer Polytechnic v. Apple Inc.*, 2014 WL 201965, at *5 (N.D.N.Y. Jan. 15, 2014); *Dane Tech., Inc. v. Gatekeeper Sys., Inc.*, 2013 WL 4483355, at *2 (D. Minn. Aug. 20, 2013); *Benefit Funding Sys. LLC v. Advance Am., Cash Advance Ctrs., Inc.*, 2013 WL 3296230, at *2 (D. Del. June 28, 2013); *Horton, Inc. v. Kit Masters, Inc.*, 2009 WL 1606472, at *1 (D. Minn. June 5, 2009); *Return Mail, Inc. v. United States*, 2014 WL 3563297 (Fed. Cl. July 18, 2014).

RSRI should be able "to prosecute its claims, to take discovery, and to set its litigation positions, at least until such a time as the USPTO takes an interest in reviewing the challenged claims." *Automatic Mfg*, 2013 WL 1969247, at *3.

Granting a motion to stay before the USPTO even decides to act raises the issue of "allowing the progress of [the Court's] docket to depend on the status of proceedings elsewhere [which] can interfere with its obligation 'to secure the just, speedy, and inexpensive determination of every action.'" *Universal Elecs.*, 943 F. Supp. 2d at 1035 (quoting FED.R.CIV.P. 1).

Another consideration is the court's ability to control its docket to ensure that cases are managed in the interest of justice. The court is concerned that allowing the progress of its docket to depend on the status of proceedings elsewhere can interfere with its obligation "to secure the just, speedy, and inexpensive determination of every action." FED.R.CIV.P. 1. Thus, "[i]f litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner." *Universal Elecs.*, 943 F. Supp. 2d at 1035 (quoting *Comcast Cable*, 2007 WL 1052883, at *1).

2.    ***Whether the IPR will simplify any issues is pure speculation.***

The Court has only Apple's conjecture on how and if IPR can simplify this case. "To truly simplify the issues…the outcome of the reexamination must finally resolve all issues in the litigation." *Esco Corp. v. Berkeley Forge & Tool, Inc.*, No. 2009 WL 3078463, at *3 (N.D. Cal. Sept. 28, 2009) (citing *Yodlee, Inc. v. Ablaise Ltd.*, No. 06-07222 SBA, 2009 WL 112857, at *5 (N.D. Cal. Jan. 16, 2009)). "[T]he filing of an IPR request by itself does not simplify the issues in question and trial of the case. Ultimately, the PTO may not institute IPR proceedings." *SAGE Electrochromics, Inc. v. View, Inc.*, 2015 WL 66415, at *2 (N.D. Cal. Jan. 5, 2015) (quoting *TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*, 2013 WL 6021324, at *4 (N.D. Cal. Nov. 13, 2013)).

The USPTO may deny the petition, may grant a petition in part, or may grant a petition as to all claims of the '797 patent. 37 C.F.R. § 42.108(a). "The undecided status of the petitions clouds the simplification inquiry. While courts have granted stays before the USPTO has issued a reexamination order…the fact that the petitions have not yet been granted or denied makes it more difficult to predict whether the issues are likely to be simplified." *Universal Elecs.*, 943 F. Supp. 2d at 1033; *see also Automatic Mfg.*, 2013 WL 1969247, at * 2 ("[E]ven if all the grounds in a petition are well-taken, the USPTO may authorize the review to proceed on only 'some of the challenged claims' or on only 'some of the grounds of unpatentability asserted for each claim.'"). Only **if** the USPTO grants *inter partes* review will the Court know the scope of that IPR and any potential for simplification. *See Ultratec*, 2013 WL 6044407, at *3 ("the fact that the Patent Office has not yet granted the petitions to review the [subject] patents adds an additional layer of doubt whether the *inter partes* review will even occur, let alone whether it will simplify the issues or reduce the burden of litigation for the parties or the court").

Apple's motion to stay assumes that Google's request for IPR, and the IPR, will have a high likelihood of invalidating one claim. (D.I. 65 at 15). Apple again speculates that the likelihood of a claim being invalidated would be at least one of the asserted claims in the litigation. According to the USPTO's statistics, that presumption is both improper and unlikely to be borne out. *See supra* Section II.

Even if the claims survived the IPR, Apple is not identified as a RPI and is not estopped from re-asserting the same invalidity arguments (or arguments that could have been raised) from the IPR. 35 U.S.C. § 315. The petitioner of the IPR is Google Inc. Apple has not agreed to be bound by any estoppel provision, which would arguably allow Apple to take multiple bites at the invalidity apple.

*See Pi-Net Int'l, Inc. v. Focus Business Bank*, No. 2013 WL 4475940, at *5 (N.D. Cal. Aug. 16, 2013). "With no estoppel requirement here, [Apple] would be at liberty to bring to the court the same arguments that were, or could have been, raised by [Google] with the PTAB. This ability to assert the same positions in a different forum defeats one of the intended benefits of inter partes review, should any claims survive inter partes review." *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 594 (Ct. Fed. Cl. 2014) (citing *PersonalWeb Techs., LLC v. Google, Inc.*, No. 5:13-cv-1317-EJD, 2014 WL 4100743, at *5 (N.D. Cal. Aug. 20, 2014); *see also Interwoven, Inc. v. Vertical Computer Sys., Inc.*, 2012 WL 761692, at *3 (N.D. Cal. Mar. 8, 2012) (denying stay where estoppel did not apply). As a result, this factor favors denial of a stay.

## B. A stay would prejudice RSRI.

"For a stay to be granted in the face of prejudice to the non-moving party, the moving party must make out a 'clear case of hardship or inequity in being required to go forward.'" *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No., 2014 WL 3107447 (N.D. Cal. July 3, 2014) (internal citations omitted). The key factor regarding whether to grant a stay is the impact to the nonmoving party. *See e.g.*, *Pi-Net*, 2013 WL 4475940, at *4 ("Despite [if the first two factors weigh[] in favor of a stay, if [the patentee] would face undue prejudice as a result of the stay, the court would be compelled to exercise its discretion to deny the stay."). Courts expect defendants to "evaluate whether to file, and then to file, IPR petitions as soon as possible after learning that a patent may be asserted against them." *TPK Touch Solutions, Inc.*, 2013 WL 6021324, at *4. Without diligence in preparing an IPR petition and researching the asserted patents, the patent owner is prejudiced. *Id.* RSRI would be prejudiced

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STAY PENDING *INTER PARTES* REVIEW; 3:15-CV-00541-EDL**

9

by a stay because—now, almost a year into this litigation—the amount of time it would take to vindicate its rights will likely be extensive.

Despite knowing of RSRI's '797 patent since at least July 16, 2014 and Google Inc.'s petition for IPR since at least December 19, 2014, Apple delayed filing its motion to stay for three months from Google Inc.'s IPR and eight months since suit was filed against Apple. Apple could have immediately filed its own IPR petition and moved to stay this case, but instead delayed in doing so. *Id.*; *see also Fujitsu Ltd. v. Nanya Tech. Corp.*, 2007 WL 3314623, at *3 (N.D. Cal. Nov. 6, 2007) (denying stay when reexamination was sought nine months after commencement of litigation and noting that "Nanya should not succeed in obtaining a tactical advantage over Fujitsu by continuing to delay these proceedings.").

RSRI has until April 20, 2015 to file its response. Then, the PTAB has three months to decide whether to institute. 35 U.S.C. § 314(b). Next, the PTAB has 12 months to issue a final written decision. 35 U.S.C. § 316(a)(11). This time period for a final written decision, however, can be extended up to an additional six months. *Id.* Given the massive backlog at the PTAB, this is a distinct possibility. (*See* Lo Decl. Ex. H). Under this scenario, the IPR would conclude in January 2017—two and a half years after RSRI filed suit. But of course, either party can appeal the decision to the Federal Circuit. 35 U.S.C. § 319; 35 U.S.C. § 141(c). And the Federal Circuit can, additionally, remand back to the PTAB, if, for example, it disagrees with the PTAB's claim construction, further extending the length of the IPR. *See Ultratec*, 2013 WL 6044407, at *1 ("Altogether, the *inter partes* review procedure may take two years and appeal to the Federal Circuit could extend the timeline further."). All told, it is impossible to predict how long this IPR, **if granted**, would last. It may last until well over

two and half years after RSRI brought suit to vindicate its rights. Accordingly, this consideration weighs against a stay.

Both RSRI and Apple compete as innovators in the field of mobile imaging technology. Rothschild Decl., ¶ 3. But unlike Apple, RSRI is not a multinational conglomerate. RSRI does not own factories or other revenue streams. Unlike Apple, RSRI has not posted record-breaking quarterly profits in the history of all companies. (Lo Decl. Ex. I). RSRI consists of an individual inventor, Leigh Rothschild, who personally funds his patents, which are his most important asset. *Id.* at ¶¶ 4-6. Leigh Rothschild's ability to provide for his family directly depends on being fairly compensated for his technological work and inventions. When his inventions are exploited without permission or compensation, the courts are the only practical means available to Mr. Rothschild to seek relief. Any delays in the judicial process more heavily burdens Mr. Rothschild than Apple, prolongs the period of unlicensed exploitation, and jeopardizes his family's livelihood. *Id.* at ¶ 6. This factor also favors denial of a stay.

## C.     The case should not be stayed at this juncture.

This case has been pending for almost a year and the parties have already spent considerable time and resources drafting and responding to dispositive motions, response to a motion to transfer, response to a motion to stay pending resolution of transfer, and discovery requests and objections. Apple withheld discovery on the basis that its request for transfer was unresolved. (Lo Decl. Ex. C, D). Now that the case has been transferred, Apple will now withhold discovery until the petition for IPR is resolved. Such dilatory tactics should not be allowed.

The case management conference will occur around two months **before** the PTAB's decision whether to institute the IPR. Discovery will be well underway before the PTAB's decision whether to institute the IPR.

Though this case may be in its early stages due to the motion to transfer and Apple's dilatory tactics, if even a short stay is granted until the PTAB decides on the IPR Petition, "it provides the non-moving party with little comfort in those cases where the PTO does grant review. In such cases, the fact that the review proceedings are in their infancy forces the non-moving party to wait not only for a PTO decision on the challenged claims but also for the preliminary decision on whether to even hear the challenge." *Straight Path IP Group, Inc. v. Vonage Holdings Corp.*, 2014 WL 4271633, *2-*3 (D.N.J. 2014)(*quoting Davol*, 2013 WL 3013343, at *2 n.3).

As stated *supra* in Section III.B, it is too speculative at this moment to determine how long this IPR, *if granted*, would last. If initiated, Google's IPR can continue until the end of January 2017 and beyond if appealed. *See Ultratec*, 2013 WL 6044407 at *1 ("Altogether, the *inter partes* review procedure may take two years and appeal to the Federal Circuit could extend the timeline further"). As such, the patent owner should at least be able to prosecute its claims, to take discovery, and to set its litigation positions, at least until such a time as the USPTO takes an interest in reviewing the challenged claims. *Straight Path*, 2014 WL 4271633, at n.2; *see also Automatic Mfg.*, 2013 WL 1969247, at *3. By allowing some initial discovery to proceed before the USPTO makes its determination would help this Court better decide whether a stay would simplify the issues for trial. *McRo, Inc. v. Bethesda Softworks LLC*, 2014 WL 1711028, at *3 (D. Del. May 1, 2014).

Delaying this action now does not enhance efficiency nor support the purpose of Federal Rule of Civil Procedure 1: "to secure the just, speedy, and

1   inexpensive determination of every action." For this reason as well, Apple's
2   motion to stay should be denied.

## IV.   CONCLUSION

Apple's motion to stay is premature of the USPTO's decision and is prejudicial to RSRI. The filing of a petition for IPR alone will not simplify the issues in this case. Accordingly, the Court should deny it or at the very least, allow RSRI to continue to take discovery, and set its litigation positions, at least until such a time that the USPTO makes its decision on Google's IPR petition.

1

Dated: April 2, 2015

Respectfully submitted,

2

*/s/ Jill F. Kopeikin*

Jill F. Kopeikin

3

4

Jill F. Kopeikin (State Bar No. 160792)

jkopeikin@gcalaw.com

5

Valerie M. Wagner (State Bar No. 173146)

vwagner@gcalaw.com

6

GCA LAW PARTNERS LLP

7

2570 W. El Camino Real, Suite 510

8

Mountain View, CA 94040

Telephone: (650) 428-3900

9

Facsimile: (650) 428-3901

10

11

Counsel for Plaintiff, Rothschild Storage Retrieval Innovations, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on this date I electronically filed **Plaintiff's Response**

3   **in Opposition to Defendant Apple Inc.'s Motion to Stay Pending** ***Inter***

4   ***Partes* Review** with the clerk of court for the United States District Court,

5   Northern District of California, using the electronic case filing system of the

6   court. The electronic case filing system sent a "Notice of Electronic Filing" to all

7   attorneys of record who have consented in writing to accept this Notice as

8   service of this document by electronic means.

9

10  April 2, 2015                        */s/ Jill F. Kopeikin*

    Date                                 Jill F. Kopeikin

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO MOTION TO STAY PENDING *INTER
PARTES* REVIEW; 3:15-CV-00541-EDL**          15